** PART I **
RE: REQUEST FOR ATTORNEY GENERAL'S OPIN ON: CAN AN INSURANCE COMPANY MANDATE THAT AN INSURED UTILIZE ONLY A DESIGNATED VENDOR OR REPAIR SHOP WHEN EFFECTUATING THE REPAIR OR REPLACEMENT OF DAMAGED AUTOMOBILE GLASS PURSUANT TO A VALID CLAIM UNDER A VEHICLE INSURANCE POLICY
THE ATTORNEY GENERAL HAS ASKED ME TO RESPOND TO YOUR QUESTION IN THE ABOVE-REFERENCED MATTER. AFTER REVIEWING THE QUESTION AND THE APPLICABLE LAW, IT APPEARS THAT THE ISSUANCE OF A FORMAL OPINION IS UNNECESSARY. HOPEFULLY, THIS INFORMAL OPINION WILL BE OF SOME ASSISTANCE TO YOU.
INTRODUCTION
A REVIEW OF THE BACKGROUND INFORMATION YOU PROVIDED ME CLEARLY INDICATES THAT YOUR QUESTION REVOLVES AROUND VEHICLE INSURANCE POLICIES ISSUED IN OKLAHOMA AND THE PROPER RESOLUTION OF CLAIMS ARISING THEREUNDER WHICH ARE RELATED TO THE REPLACEMENT OR REPAIR OF DAMAGED AUTOMOBILE GLASS. THE CONCERNS WHICH UNDERLIE YOUR QUESTION WERE BROUGHT FORWARD, AS I UNDERSTAND IT, BY LOCAL GLASS VENDORS WHO PERCEIVE THAT NATIONAL INSURANCE COMPANIES ARE ENTERING INTO EXCLUSIVE CONTRACTS WITH NATIONAL GLASS COMPANIES FOR THE REPAIR OR REPLACEMENT OF GLASS WINDOWS IN THEIR AUTOMOBILES. IT IS ALLEGED THAT CERTAIN NATIONAL INSURANCE COMPANIES HAVE DIRECTED THEIR AGENTS IN OKLAHOMA TO ARRANGE ALL GLASS REPLACEMENTS THROUGH JUST SUCH A NATIONAL GLASS COMPANY AND TO NOT CALL ANY LOCAL VENDORS TO PERFORM SUCH SERVICES.
ANY ANALYSIS OF THIS ALLEGED PRACTICE FOR THE PURPOSE OF DETERMINING ITS PROPRIETY MUST BEGIN WITH THE PRINCIPLE THAT THE RELATIONSHIP BETWEEN THE INSURER AND THE INSURED IS CONTRACTUAL. HOWEVER, THE INSURANCE BUSINESS AND INSURANCE CONTRACTS ARE UNIQUE FOR A VARIETY OF REASONS AND HAVE BEEN DETERMINED BY THE OKLAHOMA SUPREME COURT TO BE FAIR SUBJECTS OF REGULATION BY THE STATE. SEE, E.G., OKLAHOMA BENEFIT LIFE ASS'N. V. BIRD, 135 P.2D 994 (OKLA. 1943); METROPOLITAN LIFE INS. CO. V. LILLARD, 248 P. 841
(OKLA. 1926); INSURANCE CO. OF NORTH AMERICA V. WELCH,154 P. 48 (OKLA. 1916).
STATE REGULATION OF THE INSURANCE INDUSTRY IN OKLAHOMA IS EMBODIED IN THE OKLAHOMA INSURANCE CODE ("CODE"), 36 O.S. 101 (1991) ET SEQ. THE CODE'S COVERAGE INCLUDES ALL TYPES OF INSURANCE COMPANIES AND THEIR PRODUCTS. THE CODE DEFINES INSURANCE AS "A CONTRACT WHEREBY ONE UNDERTAKES TO INDEMNIFY ANOTHER OR TO PAY A SPECIFIED AMOUNT UPON DETERMINABLE CONTINGENCIES." 36 O.S. 102 (1991). PERTINENT TO YOUR QUESTION IS THE CODE'S DEFINITION OF VEHICLE INSURANCE WHICH IS, IN PART, INSURANCE "AGAINST LOSS OF OR DAMAGE TO ANY LAND VEHICLE . . ." 36 O.S. 706 (1991). THE CODE REQUIRES CERTAIN BASIC CONDITIONS TO BE INCLUDED IN INSURANCE CONTRACTS BUT LEAVES OTHER CONDITIONS TO BE AGREED UPON BY THE PARTIES SO LONG AS SUCH CONDITIONS ARE NEITHER INCONSISTENT WITH THE CODE, PROHIBITED BY LAW OR IN CONFLICT WITH ANY OF THE REQUIRED BASIC CONDITIONS. 36 O.S. 3612/36 O.S. 3614 (1991). SIMILARLY, THE CODE EXPRESSLY WARNS THAT "NO PERSON SHALL TRANSACT A BUSINESS OF INSURANCE IN OKLAHOMA WITHOUT COMPLYING WITH THE APPLICABLE PROVISIONS OF THE CODE." 36 O.S. 109 (1991).
THEREFORE, WHETHER THE PRACTICE YOU ARE CONCERNED WITH IS PROVIDED FOR IN A WRITTEN PROVISION OF A VEHICLE INSURANCE POLICY OR IN THE FORM OF A DIRECTIVE FROM THE HOME OFFICE, IT STILL MUST BE IN CONFORMANCE WITH THE PROVISIONS OF THE CODE AND ALL OTHER APPLICABLE LAW. THAT BEING SO, THE CENTRAL ISSUE RAISED BY YOUR QUESTION IS WHETHER AN INSURANCE COMPANY DOING BUSINESS IN OKLAHOMA IS PROHIBITED BY THE CODE OR OTHER LAW FROM REQUIRING ITS INSUREDS TO HAVE ALL REPAIRS OR REPLACEMENTS OF DAMAGED AUTOMOBILE GLASS WINDOWS TO BE PERFORMED EXCLUSIVELY BY A DESIGNATED VENDOR OR REPAIR SHOP. IT APPEARS FROM A REVIEW OF THE CODE AND OTHER LAWS THAT SUCH A PRACTICE IS NOT PROHIBITED. IN FACT, ONE ACT FOUND WITHIN THE CODE CLEARLY CONTEMPLATES SUCH AN EVENTUALITY ALBEIT WITH SOME REGULATIONS.
II.
THE CLAIMS RESOLUTION ACT
IN 1986, THE CODE WAS AMENDED BY THE ENACTMENT OF TWO IMPORTANT REGULATORY ACTS IN THE AREA OF CLAIMS PRACTICES. THOSE ACTS WERE THE UNFAIR CLAIM SETTLEMENT PRACTICES ACT ("UCSPA"), 36 O.S. 1221-36 O.S. 1228 (1991), AND THE CLAIMS RESOLUTION ACT, 36 O.S. 1251-36 O.S. 1260. THE UCSPA PROHIBITS UNFAIR CLAIM SETTLEMENT PRACTICES SUCH AS MISREPRESENTATION OF CONTRACTUAL CONDITIONS RELATED TO COVERAGE, FAILURE TO ACKNOWLEDGE AND INVESTIGATE CLAIMS PROMPTLY, BAD FAITH SETTLEMENT, COMPELLING POLICYHOLDERS TO INSTITUTE LAWSUITS TO RECOVER AMOUNTS DUE UNDER POLICIES AND THE FAILURE TO RECORD COMPLAINTS AS DIRECTED BY STATUTE. 36 O.S. 1222 (1991). BASED UPON MY REVIEW OF THE UCSPA, IT IS MY OPINION THAT IT WOULD NOT COVER THE PRACTICE WITH WHICH YOU ARE CONCERNED.
HOWEVER, THE CLAIMS RESOLUTION ACT DOES APPEAR TO DIRECTLY ADDRESS THAT PRACTICE. LIKE THE UCSPA, THE CLAIMS RESOLUTION ACT PROHIBITS CERTAIN ACTS BY AN INSURER OR AGENT IN THE HANDLING OF CLAIMS. IT PROHIBITS ACTS SUCH AS THE FAILURE TO DISCLOSE ALL BENEFITS AND COVERAGE UNDER A POLICY WHICH ARE PERTINENT TO THE CLAIM, CONCEALING THE SAME, THE IMPOSITION OF TIME LIMITS WHICH, IF NOT COMPLIED WITH, WOULD RELIEVE THE COMPANY'S OBLIGATIONS, REQUIRING THE CLAIMANT TO SIGN A RELEASE BEYOND THE FACTS WHICH OCCASIONED THE CLAIM AND THE ISSUANCE OF CHECKS WHICH SPECIFY THAT THE INSURER IS RELEASED FROM ITS TOTAL LIABILITY. 36 O.S. 1254 (1991). THE PRACTICE WITH WHICH YOU ARE CONCERNED IS NOT AMONG THOSE PROHIBITED BY THE CLAIMS RESOLUTION ACT. HOWEVER, THERE IS A SEPARATE PROVISION (36 O.S. 1257) WITHIN THE CLAIMS RESOLUTION ACT WHICH SPECIFICALLY ADDRESSES THE PROCEDURES TO BE FOLLOWED IN THE RESOLUTION OF CLAIMS INVOLVING TOTAL LOSS OR DAMAGE TO A MOTOR VEHICLE.
AMONG OTHER THINGS, 1257 PROVIDES A DETAILED METHOD AND PROCEDURE FOR THE RESOLUTION OF CLAIMS INVOLVING MOTOR VEHICLES WHICH ARE "TOTAL LOSSES." SUBSECTION (H) ALSO ADDRESSES PARTIALLY DAMAGED MOTOR VEHICLES AND REPAIRS THERETO. IT PROVIDES:
 "IF AN INSURER ELECTS TO REPAIR A DAMAGED MOTOR VEHICLE AND DESIGNATES A SPECIFIC REPAIR SHOP FOR MOTOR VEHICLE REPAIRS, THE INSURER SHALL CAUSE THE DAMAGED MOTOR VEHICLE TO BE RESTORED TO ITS CONDITION PRIOR TO THE LOSS AT NO ADDITIONAL COST TO A CLAIMANT OTHER THAN AS STATED IN THE POLICY AND WITHIN A REASONABLE PERIOD OF TIME. THE CLAIMANT SHALL ALSO BE FURNISHED AN ITEMIZED STATEMENT OF REPAIR AT THE TIME OF ACCEPTANCE OF THE REPAIRED MOTOR VEHICLE. (EMPHASIS ADDED)."
ANOTHER PART OF 36 O.S. 1257 PROVIDES THAT AN INSURER "SHALL NOT REQUIRE A CLAIMANT TO TRAVEL UNREASONABLY . . . TO . . . HAVE THE MOTOR VEHICLE REPAIRED AT A SPECIFIC REPAIR SHOP." 36 O.S. 1257(D). (EMPHASIS ADDED)."
THE FOREGOING STATUTORY LANGUAGE HAS NOT BEEN THE SUBJECT OF CONSTRUCTION BY THE COURTS IN OKLAHOMA. ORDINARILY, RESORT TO LONG-RECOGNIZED RULES OF STATUTORY CONSTRUCTION WOULD THEREFORE BE NECESSARY TO DETERMINE THE LEGISLATIVE INTENT BEHIND THE PASSAGE OF 36 O.S. 1257(H) AND 36 O.S. 1257(D). HOWEVER, THERE IS NO ROOM FOR CONSTRUCTION OF A PROVISION OR FURTHER INQUIRY WHEN THE STATUTE PLAINLY SPEAKS AND ITS EVIDENT MEANING MUST BE ACCEPTED. MINDEMANN V. IND. SCHOOL DIST. NO. 6 OF CADDO COUNTY, 771 P.2D 996 (OKLA. 1989).
THE PLAIN LANGUAGE WHICH IS EMPHASIZED ABOVE CLEARLY AND UNEQUIVOCALLY INDICATES THAT THE LEGISLATURE WAS FULLY AWARE OF THE POSSIBILITY OF AN INSURER'S PRACTICE OF DESIGNATING SPECIFIC SHOPS FOR MOTOR VEHICLE REPAIRS AND REQUIRING THE INSURED TO HAVE THE REPAIRS PERFORMED THERE. CERTAINLY, THERE IS NO EXPRESS PROHIBITION AGAINST SUCH A PRACTICE FOUND THERE OR ANYWHERE ELSE IN THE CODE. IN FACT, LEGISLATIVE INACTION OR SILENCE AS TO PROHIBITION OF THE PRACTICE WHEN IT IS CLEARLY AWARE OF THE OCCURRENCE OF SUCH A PRACTICE WOULD BE INDICATIVE OF LEGISLATIVE INTENT THAT THE PRACTICE NOT BE PROHIBITED. CITY OF DUNCAN V. BINQHAM, 394 P.2D 456 (OKLA. 1964).
ANOTHER SUBSECTION OF 36 O.S. 1257 EXPRESSLY ALLOWS AN INSURER TO FURNISH A CLAIMANT WITH THE NAMES OF ONE OR MORE CONVENIENTLY LOCATED REPAIR SHOPS, IF REQUESTED BY THE CLAIMANT. A FAIR READING OF 1257 IN ITS ENTIRETY CLEARLY INDICATES THAT THE PRACTICE WITH WHICH YOU ARE CONCERNED IS NOT PROHIBITED, BUT RATHER, IS REGULATED SO AS TO ENSURE THAT NO UNREASONABLE BURDEN IS PLACED ON THE CLAIMANT BY SUCH A PRACTICE AND TO ENSURE THAT THE CLAIMANT'S VEHICLE IS PROPERLY REPAIRED.